JACOB K. SAFRIS, APPELLANT, v. PAUL W. FLEISCHMANN, EXECUTOR OF THE ESTATE OF JOHANNA FLEISCHMANN, DECEASED, RESPONDENT.

Submitted October 26, 1928—Decided February 4, 1929.

For the appellant, *Benjamin M. Weinberg.*

For the respondent, *Stein, McGlynn & Hannoch.*

The opinion of the court was delivered by

LLOYD, J. Plaintiff below appeals from the direction of a verdict in favor of defendant on plaintiff's claim to recover a deposit of $5,000 and search fees incurred under an agreement for the sale of lands in Bradley Beach.

By the terms of the agreement of sale made August 13th, 1925, the defendant agreed to convey the described premises to the plaintiff for $50,000, payable $5,000 in cash on signing the agreement, $15,000 on the day of settlement, and a bond and mortgage for $30,000 at six per cent. The date for settlement was fixed as of November 1st, 1925, when adjustment of rents, insurance premiums, water rents, taxes and interest on mortgage should be made. When the latter time arrived certain defects in the vendor's title appeared which the defendant agreed to clear up, and by mutual agreement the time for settlement was extended to January 13th, 1926. On that date the parties met but settlement was not made, plaintiff contending that the defendant would only make the settlement as of November 1st, 1925, the date set in the agreement and that this the plaintiff refused to do.

The learned trial judge, deeming that in order to put either party in default formal tender of performance by the other was essential, ruled that such tender not having been made, plaintiff could not recover the deposit or search fees and that the defendant was not entitled to recover on a counter-claim for damages which she had filed against the plaintiff for breach of contract. Defendant does not appeal.

In thus ruling adversely to the plaintiff we think there was error. The evidence on his behalf if believed, established that the vendor could not convey a marketable title on November 1st, 1925, and that the date for settlement was in consequence by mutual agreement extended to January 13th, 1926. In this situation adjustments for the settlement must of necessity

have been deferred to the latter date. The evidence further showed that when the 13th of January arrived, the defendant took an uncompromising position that the adjustments must be made as of November 1st, and clearly indicated that otherwise the contract could not go through. A jury could therefore infer that the defendant had waived tender of further performance and that the plaintiff was thereby relieved of going through a futile ceremony; as a condition to his right to recover the deposit and search charges. The authorities to this effect are numerous and uniform; a late expression by this court being found in *Bernstein* v. *Kohn*, 96 *N. J. L.* 223.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.